## Continental Life Ins. Co., Plff. in Err., *v.* William Ashcraft, Jr., Admr., etc.

A payment of the premium upon a policy of life insurance accepted by the insurer is good, although made by a third person under an agreement with the insured.

### (Decided April 5, 1886.)

Error to the Common Pleas, No. 2, of Philadelphia County to review a judgment for plaintiff upon a policy of life insurance. Affirmed.

May 1, 1882, Samuel W. Logan, the plaintiff's intestate, signed an application, at Chester, Pennsylvania, to the defendant for a policy of insurance on his life for his own benefit, for $1,000 for the term of ten years.

The premium for the first year, payable in advance, was $14.65; the annual premiums for the succeeding years to be $8.65. This application was delivered to H. C. Aller, the agent of the company in Philadelphia, for the eastern district of Pennsylvania; was forwarded by him to the company, which, on May 3, made out a policy in accordance therewith and sent it to Aller, together with a receipt for the first premium, signed by the secretary: "Not to be valid or render said policy binding until

NOTE.—Where the policy is not to become effective until the first premium is paid, no recovery can be had if this is done by the giving of a worthless check (Brady v. Northwestern Masonic Aid Asso. 190 Pa. 595, 42 Atl. 962) ; nor unless a note given for the premium is paid, it being provided that the policy shall be avoided in case of nonpayment (Kerns v. New Jersey Mut. L. Ins. Co. 86 Pa. 171). The contract is not complete until payment, unless the insurer has waived the requirement. Marland v. Royal Ins. Co. 71 Pa. 393. But this duty may be waived. Snyder v. Nederland L. Ins. Co. 202 Pa. 161, 51 Atl. 744.

payment is made, as stated in the margin hereof, during the lifetime of the said insured, and this receipt countersigned by H. C. Aller, Agent, at Philadelphia, Pa."

The policy and receipt, the latter indorsed: "Good when countersigned by J. E. Black, Agent, H. C. Aller, Agent, by C. F. Francis, Agent," were forwarded by Aller to J. E. Black, at Chester, for collection. Black was an agent of Aller's for the collection of policies.

When policies were received by Aller from the company, made out upon the lives of persons residing in Chester or in that neighborhood, they were sent to Black, who was authorized to deliver them, together with the receipt for the first premium, to the party, upon receiving the money for the premium. Black made returns to Aller, in which he charged himself with premiums payable upon the policies which had been sent to him for collection, and claimed credit for any amounts to which he might be entitled as commissions, and for policies returned upon which the premiums had not been paid. With these returns he sent a check for the balance appearing thereby to be due, and also policies uncollected, the premium on which there was no prospect of collecting.

In his return to Aller, next after the receipt of the policy in suit, Black included in the amount with which he charged himself the advance premium due on that policy, and sent his check for the balance appearing to be due by the account.

Aller made his returns to the company monthly, in which he charged himself with the premiums which he had collected, either personally or through his agents, during the previous month, and with the amounts of premiums, whether actually paid or not, due upon policies remaining in the hands of himself or his agents, which had been sent to him for delivery upon payment of premiums, and claimed credits to which he might be entitled; and for the balance appearing due by the return he sent a check, together with uncollectable policies.

No money was ever actually paid on the policy in suit, either by Logan, the insured, or by anyone for him, to Black or to Aller or to the company.

The company kept no accounts in any case directly with the insured, but only with its agents; and the transaction, until the policy and receipt, duly countersigned, should be delivered upon

the payment of the advance premium by the assured, was wholly confined to the company and its agent.

Sometime about September 10, 1882, the advance premium due under this policy, $14.65, was reported by Aller to the company among other items in his return for August as paid.

Logan died March 4, 1883. About March 10 or 15, 1883, the company was informed by Aller that the money reported by him as paid for the advance premium on the policy in suit had been reported to him by Black, who had himself advanced the money; that the advance premium had never actually been paid by Logan, nor any receipt given for the same; that he, Aller, had repaid the money to Black, and he returned the policy and the receipt to the company, and a credit was thereupon given to Aller in his account for the $14.65.

Plaintiff claimed that Black had entered into an agreement with the deceased to advance the money to pay the premium by way of a loan, and that the money was paid to and accepted by the company.

The jury found a verdict for plaintiff, and from the judgment entered thereon defendant brought error.

*Samuel C. Perkins,* for plaintiff in error.—A policy of insurance with its clauses, conditions, and stipulations is the law of the legal relation between the insurers and insured, by which their mutual rights and liabilities are to be understood and measured. Weisenberger v. Harmony F. & M. Ins. Co. 56 Pa. 444; Brown v. Massachusetts Mut. L. Ins. Co. 59 N. H. 298, 47 Am. Rep. 205; Davis v. Massachusetts Mut. L. Ins. Co. 13 Blatchf. 462, Fed. Cas. No. 3,642.

The mere debiting the agent with the premium could not be considered as a payment to the company by the assured. Whiting v. Massachusetts Mut. L. Ins. Co. 129 Mass. 240, 37 Am. Rep. 317.

Unauthorized payment of premium by a sister of deceased in his lifetime did not bind the insured or the company. The case is unlike payment of a renewal premium by a stranger on a completed contract.

If by-laws of a mutual insurance company provide that each person, before the policy shall be binding on the company, shall pay to the treasurer or agent such premium, and make such deposit as the directors shall determine, the company is not ren-

dered liable on a policy which is executed but not delivered, and for which no premium has been paid, by an oral promise of their treasurer to the applicant for insurance that, if anything should happen, he would see the premium paid, or that he would take it upon himself to keep the policies good. Buffum v. Fayette Mut. F. Ins. Co. 3 Allen, 360.

In an interview with an applicant for life insurance, the agent of the company offered the policy to him and asked him to pay the premium, but was referred by him to a third person who had previously arranged with the applicant to pay it. The agent agreed to call on this person for it, but never did so, and retained the policy in his own possession. Held, that instructions were erroneous which permitted a jury to find that these facts were equivalent to actual delivery of the policy and payment of the premium. Hoyt v. Mutual Ben. L. Ins. Co. 98 Mass. 539. See also Trask v. State F. & M. Ins. Co. 29 Pa. 198, 72 Am. Dec. 622; Inland Ins. & Deposit Co. v. Stauffer, 33 Pa. 397; Universal Mut. F. Ins. Co. v. Weiss, 106 Pa. 20.

*William H. Peace,* for defendant in error.—The three following cases decided by this court at the present term seem to decide the present case, *viz.:* Lebanon Mut. Ins. Co. v. Erb, 112 Pa. 149, 2 Cent. Rep. 783, 4 Atl. 8; Universal F. Ins. Co. v. Block, 109 Pa. 535, 1 Cent. Rep. 554, 1 Atl. 523; and also the case of Riley v. Commonwealth Mut. F. Ins. Co. 110 Pa. 144, 1 Cent. Rep. 119, 1 Atl. 528, in which the court held that, where a fire policy has been duly issued, if premium is promptly paid by the insured to the broker through whom he procured the insurance, to be paid over to the company, the fact of the broker's retaining the money for a short time and without fraud or loss, as depositary of the agent of the company which issued the policy and pursuant to business arrangements between the two, will not suspend or impair the company's liability on the policy.

PER CURIAM:

It is clearly proved that the insurance company actually received the premium paid on the policy issued to Logan. Whether he actually paid the money out of his own pocket, or whether he arranged with some other person to pay it for him and it was so

paid and accepted by the company, it constituted a good payment.

The evidence was ample to go to the jury, and it was well submitted.

Judgment affirmed.